### GEORGE PEPPERS v. STATE.

No. A-4122.   Opinion Filed Aug. 15, 1923.

(217 Pac. 227.)

(Syllabus.)

**Intoxicating Liquors—Conviction for Unlawful Possession Sustained.** Record examined, and held, evidence sufficient to sustain the conviction, and that no reversible error appears.

Appeal from County Court, Bryan County; John Finney, Judge.

George Peppers was ·convicted of unlawful possession of intoxicating liquors, and he appeals. Affirmed.

McPherren & Hannah, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. This is an appeal from a judgment of conviction rendered against plaintiff in error in the county court of Bryan county on the 17th day of September, 1921, in accordance with a verdict of a jury finding the defendant guilty of the crime of unlawful possession of intoxicating liquor and assessing his punishment as above stated.

The evidence discloses that the sheriff of Bryan county, armed with a search warrant, went to the home of plaintiff in error, and after having read the search warrant to plaintiff in error searched his premises, and found concealed in a loft over the kitchen in plaintiff in error's house three half-gallon cans and two quarts of whisky; that there was no entrance to this loft, except through a hole in the ceiling of the kitchen; that to get the whisky it was necessary to pull a table and chair up under this hole in the ceiling in order to climb into the loft.

Defendant admitted the possession of the whisky, but stated that he had it for his own use and with no intention to violate the prohibitory liquor laws; that he used it for medicine for rheumatism. On cross-examination he testified that he had found the whisky on his place about three weeks before and that he believed it belonged to a man by the name of Edwards, who had left the country. He also admitted that he had told the county attorney on the day of his arrest that he supposed the whisky belonged to his hired hand, but did not think he made the statement that he did not know it was there.

It is contended the evidence is insufficient to sustain the conviction. The quantity of whisky found is sufficient to raise a presumption that it was possessed for the purpose of violating the liquor laws. In addition to this presumption, there is the evidence of the concealment of the whisky in an inaccessible place and the conduct of the defendant in concealing the fact that the whisky was on his premises for at least three weeks after he had found it and before the search was made, and in addition thereto the apparently contradictory statements of the defendant, made at the time of his arrest and as a witness. The defendant took the witness stand and attempted to overthrow this incriminating evidence by testifying that he possessed the whisky for his own use as medicine. There was presented a conflicting issue of fact for the jury to determine. This court will not disturb the verdict, as the evidence for the state and the inferences reasonably flowing from the facts and circumstances adduced by the state are sufficient to sustain the verdict and judgment.

It is also contended that the trial court erred in instructing the jury as to the law of the case and in refusing to give requested instructions. The general charge sufficiently covers the law of the case, and in the opinion of this court it is neither misleading nor contradictory. The request to direct the jury to return a verdict of not guilty was properly refused. The other requested instruction was sufficiently covered in the general charge.

Judgment affirmed.

BESSEY, J., concurs.

DOYLE, J., absent, not participating.